1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   STEVE CRUMP,                              No.  2:20-cv-2343 KJN P

12                    Plaintiff,

13        v.                                   ORDER

14   A.O'CAMPO, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to

18   42 U.S.C. § 1983.  This proceeding was referred to this court pursuant to 28 U.S.C.

19   § 636(b)(1) and Local Rule 302.  On December 1, 2020, plaintiff was ordered to pay the filing fee

20   or submit an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  On

21   December 2, 2020, plaintiff's application to proceed in forma pauperis was entered on the docket

22   as filed on November 30, 2020, along with his amended complaint, filed as a matter of course.

23   Fed. R. Civ. P. 15(a)(1).  Therefore, the December 1, 2020 order is vacated.

24          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

25   Accordingly, the request to proceed in forma pauperis is granted.

26          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

27   §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

28   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

1   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

2   forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly

3   payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

4   account. These payments will be forwarded by the appropriate agency to the Clerk of the Court

5   each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28

6   U.S.C. § 1915(b)(2).

7   Screening Standards

8       The court is required to screen complaints brought by prisoners seeking relief against a

9   governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

10  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

11  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

12  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

13      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

14  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

15  Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an

16  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

17  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

18  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

19  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

20  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

21  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

22  1227.

23      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

24  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

25  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic

26  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

27  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

28  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

2

1   sufficient "to raise a right to relief above the speculative level." Id.  However, "[s]pecific facts

2   are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . .

3   . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007)

4   (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).

5   In reviewing a complaint under this standard, the court must accept as true the allegations of the

6   complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.

7   Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468

8   U.S. 183 (1984).

9   The Civil Rights Act

10      The Civil Rights Act under which this action was filed provides as follows:

11          Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the deprivation
12          of any rights, privileges, or immunities secured by the Constitution .
            . . shall be liable to the party injured in an action at law, suit in equity,
13          or other proper proceeding for redress.

14   42 U.S.C. § 1983.  To state a civil rights claim under § 1983, a plaintiff must allege: (1) the

15   violation of a federal constitutional or statutory right; and (2) that the violation was committed by

16   a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v.

17   Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil

18   rights claim unless the facts establish the defendant's personal involvement in the constitutional

19   deprivation or a causal connection between the defendant's wrongful conduct and the alleged

20   constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v.

21   Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the

22   theory that the official is liable for the unconstitutional conduct of his or her subordinates.

23   Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

24      Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

25   their employees under a theory of respondeat superior and, therefore, when a named defendant

26   holds a supervisorial position, the causal link between him and the claimed constitutional

27   violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)

28   (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d

3

1   438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.

2   denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of

3   official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673

4   F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal

5   participation is insufficient).

6   Plaintiff's Amended Complaint

7        Following allegedly conflicting responses as to whether defendant O'Campo would renew

8   plaintiff's single cell chrono, plaintiff filed health care grievances against O'Campo based on her

9   revoking his single cell status.  In retaliation for such grievances, defendant O'Campo allegedly

10  threatened to house plaintiff with a gang member, then, through "intimidation, threats of harm

11  and fear," told plaintiff that O'Campo "would reduce [plaintiff's] mental health level of care from

12  the Enhanced Outpatient Program to the C.C.M.S." level of care, and then did so.[1]  (ECF No. 5 at

13  4.)  Plaintiff claims that defendants Dr. S. Moore and Ms. Shadrick allegedly refused to "bring

14  disciplinary action against" defendant O'Campo for her retaliation, and alleges such mental health

15  supervisors are allowing defendant O'Campo to retaliate against plaintiff.  (ECF No. 5 at 5.)

16       Plaintiff seeks an order granting him single cell status and a single cell chrono, as well as

17  reinstatement to the EOP level of care.  Plaintiff also seeks money damages.

18  Standards Governing Retaliation Claims

19       "Prisoners have a First Amendment right to file grievances against prison officials and to

20  be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012)

21  (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  A viable retaliation claim in the

22  prison context has five elements:  "(1) An assertion that a state actor took some adverse action

23  against an inmate (2) because of (3) that prisoner's protected conduct, and that such action

24  (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not

25  _____

26  [1]  The Mental Health Services Delivery System Program Guide for the California Department of
    Corrections and Rehabilitation provides four levels of mental health care services:  Correctional

27  Clinical Case Management System ("CCCMS"); Enhanced Outpatient ("EOP"); Mental Health
    Crisis Bed ("MHCB") and inpatient hospital care.  Coleman v. Brown, 2013 WL 6491529, at *1

28  (E.D. Cal. Dec. 10, 2013).

4

1   reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68

2   (9th Cir. 2005).

3   Discussion

4        Defendant O'Campo

5        The court has reviewed plaintiff's amended complaint and, for the limited purposes of

6   § 1915A screening, finds that it states a potentially cognizable First Amendment claim against

7   defendant O'Campo.  See 28 U.S.C. § 1915A.

8        Defendants Shadrick and Moore

9        The court finds that the amended complaint does not state a cognizable claim against the

10  remaining defendants.  Plaintiff alleges no facts demonstrating that either defendant Shadrick or

11  defendant Moore retaliated against plaintiff.  Rather, plaintiff alleges such defendants refuse to

12  "bring disciplinary action against" defendant O'Campo.  However, plaintiff does not have a

13  constitutional right to have his clinician disciplined.  While he might seek such relief in a court

14  action, their failure to discipline O'Campo does not state a cognizable constitutional claim.

15  Further, plaintiff alleges that these remaining defendants are "supervisors" who are allowing

16  O'Campo to retaliate against plaintiff.  (ECF No. 5 at 5.)  Plaintiff alleges no other facts to

17  support his vague and conclusory statement as to defendants Shadrick and Moore, and fails to

18  identify any other constitutional violation he may have suffered at their hands.  As noted above,

19  absent additional facts not pled here, plaintiff cannot state a cognizable claim based solely on a

20  supervisor's role in supervising the actions of defendant O'Campo.  Thus, the claims against

21  defendants Shadrick and Moore are dismissed with leave to amend.

22  Plaintiff's Options

23       Plaintiff may proceed forthwith to serve defendant O'Campo and pursue his retaliation

24  claims against only that defendant or plaintiff may delay serving any defendant and attempt to

25  state a cognizable claim against defendants Shadrick and Moore.

26       If plaintiff elects to proceed forthwith against defendant O'Campo, against whom he has

27  stated a potentially cognizable First Amendment claim for relief, then within thirty days he must

28  complete the attached notice of election form (Option One).  In this event the court will construe

5

1  plaintiff's election as consent to dismissal of all claims against defendants Shadrick and Moore

2  without prejudice.

3       If plaintiff elects to attempt to amend his complaint to state a cognizable claim against the

4  remaining defendants, he has thirty days so to do.  He is not obligated to amend his complaint.  If

5  plaintiff chooses this option (Option Two), he must complete the attached notice of election form

6  and return the form along with his proposed second amended complaint within thirty days.

7       Plaintiff is advised that in an amended complaint he must clearly identify each defendant

8  and the action that defendant took that violated his constitutional rights.  The court is not required

9  to review exhibits to determine what plaintiff's charging allegations are as to each named

10  defendant.  The charging allegations must be set forth in the second amended complaint so

11  defendants have fair notice of the claims plaintiff is presenting.

12       Any second amended complaint must show the federal court has jurisdiction, the action is

13  brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It

14  must contain a request for particular relief.  Plaintiff must identify as a defendant only persons

15  who personally participated in a substantial way in depriving plaintiff of a federal constitutional

16  right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the

17  deprivation of a constitutional right if he does an act, participates in another's act or omits to

18  perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff

19  contends he was the victim of a conspiracy, he must identify the participants and allege their

20  agreement to deprive him of a specific federal constitutional right.

21       In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

22  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

23  R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

24  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

25       A district court must construe a pro se pleading "liberally" to determine if it states a claim

26  and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

27  opportunity to cure them.  See Lopez, 203 F.3d at 1130-31.  While detailed factual allegations are

28  not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556

U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions

can provide the framework of a complaint, they must be supported by factual allegations, and are

not entitled to the assumption of truth.  Id. at 1950.

Any second amended complaint must be complete in itself without reference to any prior

pleading.  Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th

Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as

non-existent.'" (internal citation omitted)).  Once plaintiff files a second amended complaint, the

original pleading is superseded.

Accordingly, IT IS HEREBY ORDERED that:

1.  The December 1, 2020 order (ECF No. 4) is vacated.

2.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted.

3.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

Director of the California Department of Corrections and Rehabilitation filed concurrently

herewith.

4.  Claims against defendants Shadrick and Moore are dismissed with leave to amend.

Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state

cognizable claims against these defendants.  Plaintiff is not obliged to amend his complaint.

5.  The allegations in the pleading are sufficient to state a potentially cognizable First Amendment retaliation claim against defendant O'Campo.  <u>See</u> 28 U.S.C. § 1915A.  If plaintiff elects to proceed forthwith as to defendant O'Campo, within thirty days of service of this order plaintiff may return the attached Notice of Election.  At that time, the court will order the United States Marshal to serve process pursuant to Fed. R. Civ. P. 4.  Defendant O'Campo will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants Shadrick and Moore without prejudice.

6.  Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  December 11, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/crum2343.14o

8

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE CRUMP, | No.  2:20-cv-2343 KJN P |
| Plaintiff, | |
| v. | NOTICE OF ELECTION |
| A. O'CAMPO, et al., | |
| Defendants. | |

Pursuant to the court's recent order, plaintiff elects to proceed as indicated below and, if appropriate, submits the required documents:

Option One:

_____    Plaintiff elects to proceed solely as to defendant O'Campo and requests that the court order service of process.  And, in connection therewith,

_____    Plaintiff consents to the dismissal of defendants Shadrick and Moore without prejudice.

**OR,** Option Two:

_____ Plaintiff opts to file an amended complaint and delay service of process.  The proposed second amended complaint is appended.

DATED:

_____
Plaintiff

9