UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE CRUMP, | No. 2:20-cv-2343 KJN P |
| Plaintiff, | |
| v. | ORDER |
| A. O'CAMPO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. On February 26, 2021, plaintiff filed a request for preliminary injunction "to prevent further retaliation upon plaintiff." (ECF No. 28 at 1.) Plaintiff, who states he has a mental health condition and a severe disability that prevents him from protecting himself, alleges that defendant O'Campo is attempting to place plaintiff in a cell with a gang member to bring harm against plaintiff. He asks the court to order that plaintiff be housed in a single cell for the duration of this action.

Plaintiff's Amended Complaint

This action proceeds on plaintiff's amended complaint against defendant O'Campo. Plaintiff alleges the following. After allegedly conflicting responses as to whether defendant O'Campo would renew plaintiff's single cell chrono, plaintiff filed health care grievances against O'Campo based on her revoking his single cell status. In retaliation for such grievances,

1

defendant O'Campo allegedly threatened to house plaintiff with a gang member, then, through "intimidation, threats of harm and fear," told plaintiff that O'Campo "would reduce [plaintiff's] mental health level of care from the Enhanced Outpatient Program to the C.C.M.S." level of care, and then did so.

Legal Standard for Preliminary Injunction

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 877 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. See Winter, 555 U.S. at 22 (citation omitted).

Discussion

Plaintiff's motion fails to address all of the elements required under Winter. Plaintiff requests that he be housed in a single cell. Thus, it is unclear whether he currently is housed in a single cell or whether he is currently assigned a cellmate. This distinction is important to determine whether plaintiff seeks to maintain the status quo or is seeking an order modifying the status quo. In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Further, plaintiff claims that defendant is "attempting" to house a gang member in plaintiff's cell. However, Section 3269 of the California Code of Regulations, Title 15, states that single cell status shall be considered for inmates who have suffered documented and verified instances of being a victim of in-cell physical . . . abuse by another inmate. Id., § 3269(d). Section 3269 also confirms that single cell housing for inmates with mental health concerns is addressed by a classification committee, with assistance from the clinician who participates in the

committee." Id., § 3269(f).  Thus, plaintiff's housing is determined by a committee, and is not simply based on a recommendation by defendant.  In addition, plaintiff's allegation that defendant is "attempting" to house a gang member, fails to demonstrate plaintiff is likely to suffer irreparable harm in the absence of injunctive relief, which is only granted under extraordinary circumstances.  The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).  Plaintiff's allegation that defendant is "attempting" to place a gang member in plaintiff's cell, absent facts not present here, fails to demonstrate plaintiff faces a threat that is imminent.  In addition, plaintiff "must do more than merely allege imminent harm sufficient to establish standing; [he] must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." Id., 844 F.2d at 674-75 (speculative injury does not constitute irreparable harm sufficient to warrant granting a preliminary injunction) (internal citations omitted).

Therefore, because plaintiff has failed to set forth facts addressing each element required under Winter, his motion is denied without prejudice.  If plaintiff chooses to renew his motion, he must specifically allege facts as to each element under Winter:  whether plaintiff (1) "is likely to succeed on the merits;" (2) "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." Winter, 555 U.S. at 20.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion (ECF No. 28) is denied without prejudice.

Dated:  March 2, 2021

/crum2343.pi.wo

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3