1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    STEVE CRUMP,                                   No.  2:20-cv-2343 KJN P

12                  Plaintiff,

13         v.                                        ORDER AND FINDINGS AND
                                                     RECOMMENDATIONS
14    A. O'CAMPO, et al.,

15                  Defendants.

16

17         Plaintiff is a state prisoner, proceeding without counsel, and seeks relief pursuant to 42

18    U.S.C. § 1983.  Plaintiff's renewed motion for preliminary injunction is before the court.  (ECF

19    No. 31.)  As discussed below, the undersigned recommends that plaintiff's motion be denied.

20    I. Plaintiff's Amended Complaint

21         This action proceeds on plaintiff's amended complaint against defendant O'Campo.

22    Plaintiff alleges the following.  In October of 2019, after allegedly conflicting responses as to

23    whether defendant O'Campo would renew plaintiff's single cell chrono, plaintiff filed health care

24    grievances against O'Campo based on her revoking his single cell status.  In retaliation for such

25    grievances, defendant allegedly threatened to house plaintiff with a gang member, then, through

26    "intimidation, threats of harm and fear," told plaintiff that O'Campo "would reduce [plaintiff's]

27    mental health level of care from the Enhanced Outpatient Program ["EOP"] to the

28    ////

                                                 1

1    C.C.M.S." level of care,[1] and then did so.  (ECF No. 5 at 4.)  For such alleged violation of

2    plaintiff's First Amendment rights, plaintiff seeks money damages and a court order granting

3    plaintiff single cell status and reinstating his mental health care to the EOP level of care.  (ECF

4    No. 5 at 6.)

5    II.  Law Governing Motions for Injunctive Relief

6        "A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter

7    v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff

8    seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he

9    is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities

10    tips in his favor, and that an injunction is in the public interest."  Marlyn Nutraceuticals, Inc. v.

11    Mucos Pharma GmbH & Co., 571 F.3d 873, 877 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20).

12    An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.

13    See Winter, 555 U.S. at 22 (citation omitted).

14        The propriety of a request for injunctive relief hinges on a significant threat of irreparable

15    injury that must be imminent in nature.  Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668,

16    674 (9th Cir. 1988).  Speculative injury does not constitute irreparable harm.  See id.; Goldie's

17    Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).  A presently existing actual

18    threat must be shown, although the injury need not be certain to occur.  Zenith Radio Corp. v.

19    Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80

20    (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998).

21        In cases brought by prisoners involving conditions of confinement, any preliminary

22    injunction "must be narrowly drawn, extend no further than necessary to correct the harm the

23    court finds requires preliminary relief, and be the least intrusive means necessary to correct the

24    harm."  18 U.S.C. § 3626(a)(2).

25    ////

---

26    [1]  The Mental Health Services Delivery System Program Guide for the California Department of
Corrections and Rehabilitation provides four levels of mental health care services:  Correctional
27    Clinical Case Management System ("CCCMS"); Enhanced Outpatient ("EOP"); Mental Health
Crisis Bed ("MHCB") and inpatient hospital care.  Coleman v. Brown, 2013 WL 6491529, at *1
28    (E.D. Cal. Dec. 10, 2013).

1    III.  Plaintiff's Motion

2        Plaintiff seeks an order enjoining defendant and prison officials from placing plaintiff in a

3    cell with another inmate.  (ECF No. at 1-2, 6.)  Plaintiff claims he has been diagnosed with

4    significant paranoia, depression, and anxiety, and has safety fears, and was determined to be "an

5    easy target for mainline inmates," and was twice assaulted in his cell prior to 2014.  (ECF No. 31

6    at 2, 4.)  Plaintiff was previously provided single cell assignments in 2005 and 2014.  But in

7    October of 2019, plaintiff avers that defendant O'Campo retaliated against plaintiff for filing

8    health care grievances against her, "through intimidation, threats of harm and coercion, resulting

9    in plaintiff being brought to committee and having his single cell status revoked, and his mental

10   health level of care was reduced from EOP to CCCMS."  (ECF No. 31 at 3.)  Plaintiff claims he

11   will continue to be irreparably injured unless the court grants his request for preliminary

12   injunction.

13   IV.  Discussion

14       As explained in the court's prior order, plaintiff is required to address each element under

15   Winter.  (ECF No. 29.)  Plaintiff has again failed to do so.  Plaintiff has not demonstrated that he

16   is likely to succeed on the merits of this action, that the balance of equities tips in his favor, or

17   that an injunction is in the public interest.  Although plaintiff claims that he will be irreparably

18   injured by the defendant's conduct, he fails to provide specific facts demonstrating he is at risk of

19   imminent harm; indeed, the actions of defendant occurred in October of 2019.  Because plaintiff

20   fails to demonstrate he meets all the elements under Winter, his motion should be denied.

21       In addition, the court previously explained that single cell housing for inmates with mental

22   health concerns is addressed by a classification committee, not solely based on a recommendation

23   by defendant.  (ECF No. 29 at 2-3, citing Cal. Code Regs. tit. 15, § 3269(f).)  "A federal court

24   may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter

25   jurisdiction over the claim; it may not attempt to determine the rights of persons not before the

26   court."  Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985); see Fed.

27   R. Civ. P. 65(d)(2) (listing persons bound by an injunction).  Thus, plaintiff is unable to obtain

28   injunctive relief as to "prison officials" or other individuals not appearing in this action.  Without

3

1    jurisdiction over such individuals, the court lacks the authority to issue injunctive relief against

2    them. See Zepeda, 753 F.2d at 727; Fed. R. Civ. P. 65(a)(1) ("The court may issue a preliminary

3    injunction only on notice to the adverse party.").

4          Moreover, plaintiff's motion tracks the allegations of his operative pleading.  That

5    plaintiff's pending motion for injunctive relief reflects an ultimate issue in this case renders

6    preliminary injunctive relief inappropriate.  Absent facts not alleged here, the balance of equities

7    weighs in favor of defendant because plaintiff seeks preliminary injunctive relief on ultimate

8    issues in this case.  Also, on the instant record, the public interest weighs in favor of not

9    interfering with prison administration, particularly with regard to mental health treatment and

10   housing decisions.[2]

11         Therefore, the undersigned finds that the factors warranting preliminary injunctive relief

12   weigh against plaintiff, and his motion (ECF No. 31) should be denied.

13   V.  Conclusion

14         Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign

15   a district judge to this case.

16         Further, IT IS RECOMMENDED that plaintiff's motion for preliminary injunction (ECF

17   No. 31) be denied.

18         These findings and recommendations are submitted to the United States District Judge

19   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one** days

20   after being served with these findings and recommendations, any party may file written

21   objections with the court and serve a copy on all parties.  Such a document should be captioned

22   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

23   objections shall be filed and served within fourteen days after service of the objections.  The

24   ////

25   ////

26

27   [2]  A prisoner does not have an Eighth Amendment right to be housed in a single cell.  See Rhodes
     v. Chapman, 452 U.S. 337, 347-48 (1981) (double-celling does not violate Eighth Amendment
28   unless it amounts to unnecessary and wanton pain).

                                                      4

parties are advised that failure to file objections within the specified time may waive the right to

appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 15, 2021

_____

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/crum2343.pi2

5