UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE CRUMP, | No. 2:20-cv-2343 KJN P |
| Plaintiff, | |
| v. | ORDER |
| A. O'CAMPO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's amended complaint against defendant O'Campo based on plaintiff's claim that defendant O'Campo retaliated against plaintiff in violation of the First Amendment. (ECF No. 5.) On June 14, 2021, plaintiff renewed his motion for preliminary injunction. As set forth below, plaintiff's motion is denied without prejudice.

<u>Initial Clarification</u>

In his motion, plaintiff references a "Second Amended Petition," in the title of his filing. (ECF No. 50 at 1.) It is unclear to what plaintiff is referring. To date, no second amended complaint has been filed. Plaintiff then claims that

> the court treated his request for preliminary injunctive relief contained in his complaint as a separate request for preliminary injunction and denied it because plaintiff did not specify what relief he sought. In the amended complaint, plaintiff takes issue with the court's ruling and states he specified the relief he was seeking in his

motion for preliminary injunctive relief. (ECF No. 50 at 1.) Plaintiff is mistaken. Plaintiff's original complaint was filed on November 23, 2020. Seven days later, before any order issued, plaintiff filed an amended complaint as of right. Indeed, in the December 11, 2020 screening order, the undersigned noted that plaintiff's requested money damages and the following injunctive relief: "an order granting him single cell status and a single cell chrono, as well as reinstatement to the EOP level of care." (ECF No. 10 at 4.) Since the stay of this action was lifted, plaintiff filed multiple motions for preliminary injunctive relief. (ECF Nos. 44, 45, 50.) The court's resolution of such motions does not impact plaintiff's request for injunctive relief included in the underlying amended complaint. In other words, plaintiff is not required to continue filing motions for injunctive relief to preserve his request in his amended complaint. Rather, if plaintiff prevails at summary judgment or trial, his requested relief will be addressed at that time.

Discussion

The instant motion partially addresses the elements required under Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008), but plaintiff's factual allegations are contradictory. Thus, it is unclear whether plaintiff currently faces imminent, irreparable harm and whether his motion is based on new facts not raised in his second motion denied by the district court on May 3, 2021.[1] (ECF No. 40.) For example, plaintiff states he "is currently under

---

[1] In his second motion, plaintiff also sought an order enjoining defendant and prison officials from placing plaintiff in a cell with another inmate. (ECF No. at 31 at 2, 6.) Plaintiff claimed he has been diagnosed with significant paranoia, depression, and anxiety, and has safety fears, and was determined to be "an easy target for mainline inmates," and was twice assaulted in his cell prior to 2014. (ECF No. 31 at 2, 4.) He previously had single cell assignments in 2005 and 2014. But in October of 2019, plaintiff avers that defendant O'Campo retaliated against plaintiff for filing health care grievances against her, "through intimidation, threats of harm and coercion, resulting in plaintiff being brought to committee and having his single cell status revoked, and his mental health level of care was reduced from EOP to CCCMS." (ECF No. 31 at 3.) Plaintiff claimed he would continue to be irreparably injured unless the court granted him injunctive relief. The undersigned recommended that plaintiff's motion be denied because, *inter alia*, plaintiff failed to address each element of Winter, and failed to demonstrate he was likely to succeed on the merits of this action, that plaintiff's housing is determined by a classification committee, not solely by defendant, and in any event, the actions of defendant were alleged to have occurred in 2019, and plaintiff failed to provide specific facts demonstrating he was at risk of imminent harm. (ECF No. 33 at 3.) The district court adopted the findings in full. (ECF No. 40.)

2

imminent danger being placed in a cell with a violent gang member and nearly faced serious physical injury." (ECF No. 50 at 2.) But later, plaintiff writes that "he will suffer irreparable harm in the absence of an injunction because defendant(s) will house him in a cell with a violent gang member, that plaintiff is currently housed with an incompatible inmate, and that plaintiff's present condition poses an imminent danger to his welfare and safety." (Id.) Later, plaintiff writes, "defendants placed him in a cell with a violent gang member putting his life in imminent danger." (ECF No. 50 at 4.) Plaintiff states that over the last two years "there have been countless instances of near violence due to plaintiff's reactions to his cellmates." (Id.)

Plaintiff's claim that he is currently housed with an incompatible inmate is not the same as being housed with a violent gang member, and plaintiff fails to explain how the inmate is incompatible, or who was responsible for such housing.[2] His use of past tense, "faced" and "placed," suggests some of the incidents occurred in the past. The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). Plaintiff's claim that he <u>will</u> be housed with a violent gang member is without specific factual support to show that such housing is imminent as opposed to speculative. Further, plaintiff fails to identify who is responsible for the alleged harm; for example, whether defendant O'Campo, the sole defendant herein, was responsible or even involved. Rather, plaintiff claims that "mental health staff are refraining from making single cell accommodations due to plaintiff filing grievances and a civil complaint against defendant . . . O'Campo." (ECF No. 50 at 2.) Thus, the court cannot determine jurisdiction in connection with the instant motion.[3] (ECF No. 33 at 3-4.) In addition,

---

[2] A prisoner does not have an Eighth Amendment right to be housed in a single cell. See Rhodes v. Chapman, 452 U.S. 337, 347-48 (1981) (double-celling does not violate Eighth Amendment unless it amounts to unnecessary and wanton pain).

[3] The pendency of an action does not give the court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491-93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491-93; Mayfield, 599 F.3d at 969. An injunction against individuals who are not parties to the action is strongly disfavored. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

3

such claim appears duplicative of the claim raised in his second motion, denied by the district court on May 3, 2021. Finally, defendant has not yet filed a responsive pleading; therefore, the undersigned cannot determine whether plaintiff is likely to succeed on the merits of this action.

For all of the above reasons, plaintiff's motion is denied without prejudice to renewal should plaintiff be able to resolve the contradictions identified above, explain who is responsible for the alleged harm, how such harm is imminent, and clarify whether such renewed motion is based on new facts not alleged in his second motion recently denied by the district court.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion (ECF No. 28) is denied without prejudice.

Dated: June 25, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/crum2343.pi4