1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   STEVE CRUMP,                          No.  2: 20-cv-2343 JAM KJN P

12                  Plaintiff,

13        v.                               ORDER AND FINDINGS AND
                                           RECOMMENDATIONS
14   A. O'CAMPO,

15                  Defendant.

16

17        Plaintiff, a state prisoner, proceeds without counsel and with a civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court is defendant's motion to revoke plaintiff's in

19   forma pauperis status pursuant to 28 U.S.C. § 1915(g).  (ECF No. 38.)  For the reasons stated

20   herein, the undersigned recommends that defendant's motion be granted.

21   Background

22        Following allegedly conflicting responses as to whether defendant O'Campo would renew

23   plaintiff's single cell chrono, plaintiff filed health care grievances against O'Campo based on her

24   revoking his single cell status.  In retaliation for such grievances, defendant O'Campo allegedly

25   threatened to house plaintiff with a gang member, then, through "intimidation, threats of harm

26   and fear," told plaintiff that O'Campo "would reduce [plaintiff's] mental health level of care from

27   the Enhanced Outpatient Program to the C.C.M.S." level of care, and then did so.  (ECF No. 5 at

28   ////

                                             1

4.)  Plaintiff seeks an order granting him single cell status and a single cell chrono, as well as reinstatement to the EOP level of care, and money damages.

Governing Standards

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees.  However, a prisoner may not proceed in forma pauperis

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Such rule, known as the "three strikes rule," was "designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good."  Coleman v. Tollefson, 575 U.S. 532, 535 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)).  If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury.  See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007).  To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed.  See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

Discussion

In her motion to revoke, defendant argues that plaintiff had at least three prior actions dismissed because they failed to state a claim, or were frivolous or malicious.  The undersigned discusses these cases herein.

In eight cases filed by plaintiff in the Central District of California, plaintiff's claims were determined to be "[l]egally and/or factually patently frivolous," and his request to proceed in forma pauperis was denied.  Crump v. CDC Board Of Prison Terms, Case No. CV-07-2204

2

1   (FFM) (C.D. Cal. Apr. 18, 2007); Crump v. Vizard, Case No. CV-07-905 (FFM) (C.D. Cal. Feb.

2   16, 2007); Crump v. Vizard, Case No. CV-07-907 (C.D. Cal. Feb. 16, 2007); Crump v. CDC &

3   Board of [Parole] Hearings, Case No. 07-568 (FFM) (C.D. Cal. Feb. 15, 2007); Crump v.

4   California Dept. of Corrections, Case No. CV-07-22 (FFM) (C.D. Cal. Jan. 24, 2007); Crump v.

5   Langley, Case No. CV-06-4965 (FFM) (C.D. Cal. Jan. 5, 2007); Crump v. California Dept. of

6   Corrections, Case No. CV-06-7883 (FFM) (C.D. Cal. Jan. 5, 2007); and Crump v. California

7   Dept. of Corrections, Case No. CV06-6233 (FFM) (C.D. Cal. Oct. 19, 2006).[1]  (ECF No. 51-2 at

8   36, 40, 42, 44, 46, 48, 52, 56.)

9          Based on the above cases, in Crump v. Dr. Fritter, Case No. CV 15-6041 VBF (FFM)

10  (C.D. Cal. Feb. 2, 2016), the magistrate judge found that plaintiff had sustained at least three

11  strikes under 28 U.S.C. § 1915(g), and thus was ineligible to proceed in forma pauperis; the

12  district court adopted the recommendations and revoked plaintiff's in forma pauperis status on

13  April 22, 2016.  (ECF No. 51-2 at 15-18.)  The case was dismissed on June 10, 2016, for lack of

14  prosecution and failure to pay the entire filing fee.  Crump v. Dr. Fritter,  No. CV 15-6041 (ECF

15  No. 57).  The Central District again found plaintiff was three strikes barred in Crump v.

16  Asuncion, Case No. 2:16-cv-6915 (C.D. Cal. Sept. 19, 2016).  (ECF No. 51-2 at 5-7.)

17         Based on the above cases, defendant has shown that prior to filing this action, plaintiff

18  sustained at least three strikes under 28 U.S.C. § 1915(g).

19         In opposition, plaintiff concedes that he was a prolific filer in the Central District, but

20  argues that the current action is the only action he has filed in the Eastern District, and therefore

21  this court should not consider his litigation history in the Central District.[2]  Plaintiff also argues

22  ////

23

24  [1]  A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285

25  F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both
    within and without the federal judicial system, if those proceedings have a direct relation to

26  matters at issue") (internal quotation omitted).  Thus, defendant's request for judicial notice (ECF
    No. 51-2) is granted.

27

28  [2]  Plaintiff filed two documents entitled "Motion for Reconsideration," which are essentially
    identical.  The court construes such filings as plaintiff's opposition to the motion to revoke.

that courts in the Central District erred in finding plaintiff had sustained three strikes under 28 U.S.C. § 1915(g).

Plaintiff fails to demonstrate that he has not sustained three strikes as defined in 28 U.S.C. § 1915(g), and his arguments lack merit.  First, as set forth above, the governing statute provides that prisoners may not proceed in forma pauperis where the prisoner "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or for failure to state a claim."  28 U.S.C. § 1915(g).  Thus, there is no distinction based on where in the United States the prisoner files suit.  Second, if plaintiff wanted to challenge the decisions issued by courts in the Central District of California, he was required to do so in the specific case in which the order issued.  For example, plaintiff could file a motion for reconsideration of the particular order, or he could file a notice of appeal in the case in which the challenged order issued.  See Fed. R. Civ. P. 59(e); Fed. R. App. P. 4.

Because defendant demonstrates that plaintiff sustained at least three strikes under 28 U.S.C. § 1915(g), plaintiff may not proceed in forma pauperis in this action unless plaintiff demonstrates that at the time he filed the instant action, he was "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Imminent Danger

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.  See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).  Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical.  To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed.  See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

Courts have stressed that allegations of imminent danger must be supported by specific, credible allegations of harm.  McNeil v. United States, 2006 WL 581081 (W.D. Wash. Mar. 8, 2006), by allegations showing that the danger faced is "real, proximate, and/or ongoing,"

1    Andrews, 493 F.3d at 1056, and by allegations that are not speculative, Brown v. Newsom, 2019

2    WL 2387762, at *1 (E.D. Cal. June 6, 2019).  Plaintiff must have shown that he faced a "genuine

3    emergency" and "time [was] pressing."  Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

4         Plaintiff's amended complaint does not allege that plaintiff faced imminent danger of

5    serious physical injury.  (ECF No. 5.)  Rather, plaintiff seeks money damages based on the past

6    conduct of defendant, allegedly retaliating against plaintiff for filing grievances.  (ECF No. 5 at

7    5.)  As argued by defendant, plaintiff failed to address in his opposition the issue of whether

8    plaintiff faced imminent danger of serious physical injury at the time he filed his pleading.

9         Therefore, plaintiff does not meet the imminent danger exception described in 28 U.S.C.

10   § 1915(g), and may proceed in this action only if he first pays the filing fee.  Plaintiff is cautioned

11   that failure to pay the filing fee will result in the dismissal of this action.

12        Accordingly, IT IS HEREBY ORDERED that:

13        1.  Defendant's request for judicial notice (ECF No. 51-2) is granted; and

14        2.  Plaintiff's motions for reconsideration (ECF Nos. 56 & 57) are construed as plaintiff's

15   opposition to defendant's motion to revoke.

16        Further, IT IS RECOMMENDED that:

17        1.  Defendant's motion to revoke plaintiff's in forma pauperis status (ECF No. 51) be

18   granted, and plaintiff's in forma pauperis status (ECF No. 10) be revoked;

19        2.  Plaintiff's application to proceed in forma pauperis (ECF No. 6) be denied; and

20        3.  Plaintiff be ordered to pay the $402.00 filing fee within thirty days of any order by the

21   district court adopting these findings and recommendations.

22        These findings and recommendations are submitted to the United States District Judge

23   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

24   after being served with these findings and recommendations, any party may file written

25   objections with the court and serve a copy on all parties.  Such a document should be captioned

26   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

27   objections shall be filed and served within fourteen days after service of the objections.  The

28   ////

1    parties are advised that failure to file objections within the specified time may waive the right to

2    appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3    Dated:  August 27, 2021

4

5    _____
     KENDALL J. NEWMAN
6    UNITED STATES MAGISTRATE JUDGE

7    /crum2343.mtd.1915

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28